**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DIRECTV, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 03-0222-CG-M** |
| ) | |
| **FRANKLIN SCHAFFER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**<u>ORDER</u>**

This matter is before the court on plaintiff's motion to retax costs and fees. (Doc. 114).

After review of plaintiff's motion and the file in general, the court finds that the attorneys' fees

and costs requested should be reduced because (1) a portion of the work was not attributable to

defendant Schaffer, (2) most of the expenses are poorly documented, and (3) the amount of work

and number of attorneys used was unreasonable or excessive.  Therefore, plaintiff's motion to

retax costs and fees is due to be granted in part, to the extent that plaintiff will be awarded

attorneys' fees in the amount of $27,594.34 and costs in the amount of $26,339.68, for a total

award of  $53,934.02 for attorneys' fees and costs.

<u>DISCUSSION</u>

On November 5, 2004, the court found in favor of plaintiff on its claim that Schaffer

intentionally intercepted DirecTV's encrypted satellite transmissions in violation of 47 U.S.C. §

605(a) and 18 U.S.C. § 2511(1).  Civil damages in the amount of $ 3,010.00, plus attorneys' fees

and costs were awarded pursuant to 47 U.S.C. § 605(e)(3), which provides for the "recovery of

full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Thus, the amount of attorneys' fees to be awarded to the prevailing party  must be "reasonable."

In Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   The applicant bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates." See ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

Plaintiff submitted a fee petition with attached affidavits, billing records, and expense records.  The petition requests fees plus expenses that total $108,462.51[1].   The court notes that "district courts are vested with authority to take into consideration such factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." Goss v. Killian Oaks House of Learning,  248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003) (quoting  Haworth v. State of Nevada, 56 F.3d 1048 (9th Cir.1995) internal quotations omitted).  "If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." Id. (citing  ACLU v. Barnes, 168 F.3d at 428.).  The court finds that the fees and expenses requested should be reduced because (A) some of the work is attributable to defendants other than Schaffer, (B) some of the expenses are poorly established or not documented, and (C) the amount of work and number of attorneys appears to be excessive.

---

[1]This is the total amount requested on plaintiff's "Bill of Costs."  The court based its analysis and determination not on the stated total and figures contained in the bill of costs, but on the itemized amounts submitted in support of plaintiff's motion and the bill of costs.  The court finds that the itemized costs and fees requested total $108,248.49 - slightly less than the figure stated in plaintiff's bill of costs ($108,462.51).

**A. Work attributable to other defendants**

      This case was originally filed against several unrelated defendants each of whom were alleged to have intercepted DirecTV's encrypted satellite transmissions in violation of the same statutes.  After reviewing the fee statement for Lightfoot, Franklin & White, L.L.C, the court finds that some of the time requested can be attributed, at least in part, to defendants other than Schaffer.  For instance, some of the time requested was done for defendant Schwanz who remained in this action until December 9, 2003, when he was dismissed by stipulation of the parties. (Docs. 55 & 56).  The court also notes that on November 13, 2003, and December 5, 2003, the parties moved for extension of the discovery deadline for the purpose of deposing defendants Schwanz and Respess. (Docs. 46 & 52).  The court granted the extension. (Doc. 57). Also, on December 10, 2003, an amended complaint was filed which sought claims only against defendant Robert Respass, Jr. (Doc. 58)  On December 9, 2003, a telephonic conference was held with the magistrate judge concerning the discovery that remained and the fact that only one defendant, Robert Respess, Jr., remained . (Docs. 57 & 61).   On January 6, 2004, plaintiff moved to amend the scheduling order, stating that it had mistakenly left out defendant Schaffer. (Doc. 62). A second amended complaint was filed including both defendants Schaffer and Respess, Jr., on January 9, 2004. (Doc. 63).  Defendant, Robert Respass, Jr., was dismissed on March 3, 2004, on plaintiff's motion which stated that plaintiff had been unable to serve Robert Respess, Jr. (Docs. 69 & 70).  After reviewing the circumstances of this case, the court determines that the following entrees should be reduced as indicated because they include work attributed, at least in part, to defendants other than Schaffer:

      1.      The following will be reduced by ½ (for a total reduction under this paragraph of

$67.00) because they appear to involve work done both for Schaffer and another defendant:

| | |
|---|---|
| 11-10-03 GLM | Gather all information and discovery on<br> responses for **Schwanz** and Schaffer and<br>copies of notice of deposition filed.<br>$60.00  reduced by ½  (- $30.00) |
| 11-10-03 GLM | Confirmed supplemental requests for<br>admissions on Schaffer and **Schwanz**.<br>$30.00  reduced by ½  (-$15.00) |
| 12-09-03 SAF | Conference with Henry Gimenez and Chips Pruet<br>$22.00  reduced by ½ (-$11.00) |
| 12-09-03 SAF | E-mail communications regarding amended complaint<br>$22.00   reduced by ½ (-$11.00) |

**2.**    The following will be reduced by ⅔ (for a total reduction under this paragraph of $1,221.74) because they appear to involve work done with regard to three defendants:

| | |
|---|---|
| 11-11-03 EJG | Attended deposition in Mobile<br>$ 1,275.00 reduced by ⅔ (- $850.00) |
| 11-13-05 EJG | Drafted responses to Request for Production<br>for **all three defendants**<br>$275.00 reduced by ⅔  (- 183.33) |
| 11-14-03 DP | Met with Henry Gimenez regarding settlement agreement<br>disclosure<br>$28.00 reduced by ⅔ (-$18.67) |
| 11-14-03 EJG | Meeting with Melvin re: depositions<br>$50.00 reduced by ⅔ (- $ 33.73) |
| 11-14-03 EJG | Meeting re: depositions<br>$25.00 reduced by ⅔ (-$16.67) |
| 11-14-03 GLM | Additional evidence for scanning.<br>$12.00 reduced by ⅔ (-$8.00) |
| 11-17-03 VCT | Gather information for attorney (Gimenez)<br>$28.50 reduced by ⅔ (-$19.00) |

4

11-18-03 VCT      Gather documents for attorney (Giminez)
$47.50 reduced by ⅔ (-$31.67)

11-18-03 GLM      Joint Statement of Settlement scanned.
$12.00 reduced by ⅔ (-$8.00)

11-18-03 GLM      Scanning of Joint Statement of Settlement Position
$12.00 reduced by ⅔ (-$8.00)

11-19-03 GLM      Additional evidence for scanning.
$6.00 reduced by ⅔ (-$4.00)

11-20-03 VCT      Gather information for attorney(Giminez)
$19.00 reduced by ⅔ (-$12.67)

12-02-03 DP      Met with Henry Gimenez regarding strategy
$42.00 reduced by ⅔ (-$28.00)

**3.**      The following amounts appear to be completely attributable to defendants other than Schaffer and, therefore, the entire amount listed for each will be subtracted from the fee to be awarded (for a total amount to be subtracted under this paragraph of $2,828.50):

11-14-03 GLM      Motion for Extension of Discovery Deadline
to be scanned.
-$6.00

11-19-03 GLM      Prepared and mailed deposition notices for
Schwanz and Respass
-$60.00

11-24-03 EJG      Preparation for Depositions
-$125.00

11-30-03 EJG      Traveled to and attended two defendant's
depositions in Mobile
-$1,400.00

12-01-03 EJG      Meeting with Chips Pruet re: Motion and talked with
Attorney Blount (counsel for Respass)
-$75.00

12-04-03 EJG      Telephone conference with Thetford and drafted stipulation
of dismissal and motion for extension

5

|            |                                                                              |
|------------|------------------------------------------------------------------------------|
|            | -$387.50                                                                     |
| 12-04-03 EJG | Drafted Stipulation of Dismissal <br> -$37.50                              |
| 12-05-03 DP  | Revised motion for extension of discovery <br> -$70.00                    |
| 12-05-03 VCT | Prepare and file Motion for extension of <br> time to Complete Discovery electronically. <br> -$47.50 |
| 12-09-03 SAF | Conference call with Judge Milling, Henry <br> Gimenez and Chips Pruet. <br> -$66.00 |
| 12-09-03 DP  | Conference call hearing regarding motion for an extension <br> -$70.00    |
| 12-10-03 SAF | Revising motion to amend complaint and reviewing court <br> order <br> -$22.00 |
| 12-10-03 EJG | Prepared motion <br> -$25.00                                              |
| 12-10-03 VCT | Draft Amended Complaint <br> -$408.50                                     |
| 12-10-03 VCT | Prepare Summons for personal service <br> -$28.50                        |

Thus, the total amount to be subtracted as work done for other defendants from Lightfoot,

Franklin & White, L.L.C.'s fee request of $59,305.92, is $4,117.24, for a net award of

$55,188.68.

**B. Excessiveness of fees**

Plaintiff cannot "recover fees related to excessive, redundant, or unnecessary hours that

his lawyers worked." Manriquez v. Manuel Diaz Farms, Inc.,  2002 WL 1050331, *8 (S.D. Fla.

2002) (citing <u>Columbus Mills, Inc. v. Freeland</u>, 918 F.2d 1575, 1580 (11th Cir.1990)).  A district court should exclude from the fee calculation hours that were not "reasonably expended." <u>Hensley</u>, 461 U.S. at 434.

The trial of this case took just over one day to try.  Three attorneys attended trial on behalf of plaintiff.  "Redundant hours generally occur where more than one attorney represents a client." <u>Norman v. Housing Authority of the City of Montgomery</u>, 836 F.2d 1292, 1301-1302 (11th Cir. 1988).  The hours of multiple attorneys are only recoverable if "the fee claimant shows that the time spent by those attorneys 'reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation.'" <u>Black v. M.G.A., Inc.</u>, 51 F.Supp.2d 1315, 1317-1318 (M.D. Ala. 1999) (quoting <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 432 (11th Cir. 1999)).  The court finds that plaintiff has not demonstrated that the time spent by additional attorneys, such as Douglas C. Spears, was distinct from that of other attorneys representing plaintiff.  Mr. Spears was brought in immediately prior to trial and sat through the trial.  There was no showing as to the need to have him appear, what expertise or experience he has, how he contributed to the prosecution of the case, or why the attorneys who had represented plaintiff from the filing of the lawsuit through the trial were no adequate to try the case without Mr. Spears.  Thus, the court finds that the fees and costs requested for Douglas C. Spears, $13,172.50 in fees, plus $ 1,307.29 in expenses, should be disallowed as being unnecessary.

The court also finds that the amount of work in general is excessive considering the circumstances of this case.  The court notes that while plaintiff is a large corporation which can afford to pay large attorney's fees, defendant is not blessed with unlimited financial resources

and has, in fact, filed bankruptcy since judgment was entered in this case.   There "is always at least some risk of abuse or unintended hardship where legal fees awarded under a fee shifting statute exceed the amount at issue or recovered." International Cablevision, Inc. v. Noel, 982 F.Supp. 904, 912 (W.D.N.Y. 1997) (citation omitted).     "[T]he degree of the plaintiff's overall success goes to the reasonableness" of a fee award under Hensley v. Eckerhart." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 793 (1989) internal quotations omitted).  Plaintiff was awarded damages in the amount of $ 3,010.00.

In addition, none of the attorneys provided any affidavits or other evidence showing that their hourly rates are reasonable and customary for an attorney in their locale with their experience or expertise in this type of case.   The fees for attorney Enrique Jose Giminez are listed at a rate of $125 and $135 per hour.  The fees for attorney Sara Anne Ford are listed at $220 and $230 per hour.   The attorney fee itemization for Lightfoot, Franklin listed work hours for at least eleven different people, in addition to Mr. Giminez and Ms. Ford, designated by their initials (VCT, GLM, DJG, DP,[2] AF, SLS, LMH, JFE, JT, TWM, ABP), with their rates ranging from $55.00 per hour to $220.00 per hour.  Plaintiff provided  no explanation as to who these individuals are or why they should be charging the rates listed.

The court finds that an award of $55,188.68 in attorneys' fees in this case is excessive, especially in light of the lack of documentation as to the reasonableness of the fees charged in a case of this nature.  The court finds it appropriate to reduce the attorneys' fees by half.  The

---

[2]  "DP" is presumably  David Reynolds Pruett, III, who is an attorney of record in the case.  His work was billed at a rate of $140 per hour.

resulting  fee award in the amount of $27,594.34 is still more than nine times the damage award.

**C. Documentation of expenses**

      Plaintiff claims the following expenses:

| | | |
|---|---|---|
| Filing Fee & pro hac vice fee | | $    175.00 |
| Witness Fees: | | |
|     Michael Barr | $15,437.47 | |
|     Lacey Walker | $ 9,812.96 | |
|     Larry E. Rissler | $ 1,347.31 | |
|     Total witness fees | | $ 26,597.74 |
| Fees for service of summons and subpoena: | | $      90.00 |
| Copies | | $ 1,044.31 |
| Court Reporter Fees for Depositions | | $ 2,941.45 |
| Investigator Fees | | $    701.51 |
| Federal Express Fees | | $    169.97 |
| Attorney expenses for Lightfoot, Franklin & | | |
|     White (Travel Meals & Lodging) | | $ 2,526.94 |
| Other Costs | | |
|     (fax, long distance, postage, Westlaw) | | $    215.86 |

The above expenses total $34,462.78.  After reviewing the documentation submitted, the court

finds some of the above expenses to be inadequately supported.  For instance, plaintiff requests

$2,941 for court reporter fees for depositions, but the only documentation for this expense is

Lightfoot, Franklin's "disbursement" sheet.  No invoices were submitted to document the

depositions, and the court is unable to determine whether such depositions were necessary for

the case.  Likewise, the court finds there is no documentation for the copies, investigator fees,

Federal Express Fees, and "Other Costs," other than the law firm's disbursement sheet which

categorizes the costs.  The court has no way to determine, how, if at all, those fees relate to the

case solely against Mr. Shaffer.

      The $25 pro hac vice fee expended for Mr. Spear is disallowed because the court has

found that there is no showing of the necessity for Mr. Spears' fees and expenses in this case.

As to the witness fees, the court finds that the fees for Lacey Walker ($9,812.96) and

Larry E. Rissler ($1,347.31) are sufficiently documented.  However, plaintiff did not submit any

bill or invoice for Michael Barr.   Plaintiff lists Barr's fees at $15,437.47.   Mr. Barr's travel is

documented, but his time was supported only by an hourly computation sheet with no indication

of the rate charged.  Therefore, the court will allow his documented hours (55.75) at a rate of

$200/hour, the same rate charged by Lacey Walker.  Thus, the witness fees and expenses

allowable for Mr. Barr are $11,150 for his services, plus $1,262.47 for his travel, for total of

$12,412.47.

Accordingly, the only expenses the court will allow are as follows:

|  |  |  |
|---|---|---|
| Filing Fee & pro hac vice fee | | $     150.00 |
| Witness Fees: | | |
| Michael Barr | $12,412.47 | |
| Lacey Walker | $ 9,812.96 | |
| Larry E. Rissler | $ 1,347.31 | |
| | Total witness fees | $ 23,572.74 |
| Fees for service of summons and subpoena: | | $      90.00 |
| Attorney expenses for Lightfoot, Franklin & | | |
| White (Travel Meals & Lodging) | | $  2,526.94 |
| | Total Expenses | **$ 26,339.68** |

## CONCLUSION

For the above stated reasons, plaintiff's motion to retax costs and fees is **GRANTED IN**

**PART** to the extent that plaintiff is awarded attorneys' fees in the amount of $27,594.34 and

costs in the amount of $26,339.68 for a total award of  **$53,934.02 for attorneys' fees and**

**costs**.

10

**DONE and ORDERED** this 2nd day of August, 2006.


/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE